UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:23-cv-62209-KMM

LOUIS VUITTON MALLETIER,

    Plaintiff,

v.

THE INDIVIDUALS, BUSINESS ENTITIES,
AND UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

    Defendants.
_____/

# ORDER

THIS CAUSE came before the Court upon Plaintiff Louis Vuitton Malletier's ("Plaintiff") Motion for Preliminary Injunction and Order Restraining Transfer of Assets. ("Mot.") (ECF No. 6). The Court referred the Motion to the Honorable Alicia O. Valle, United States Magistrate Judge, to take all necessary and proper action as required by law with respect to Plaintiff's request for a preliminary injunction. (ECF No. 15). Magistrate Judge Valle issued a Report and Recommendation recommending that the Motion be GRANTED. ("R&R") (ECF No. 34). No objections to the R&R were filed, and the time to do so has passed. The matter is now ripe for review. As set forth below, the Court ADOPTS the R&R.

**I.    BACKGROUND**

On November 20, 2023, Plaintiff filed a Complaint against six Defendants alleging trademark counterfeiting and infringement, false designation of origin, common law unfair competition, and common law trademark infringement. *See generally* ("Compl.") (ECF No. 1). Plaintiff is the owner of federally registered trademarks used in connection with the manufacture and distribution of its products. *Id.* ¶¶ 15–23. Defendants are individuals, business entities of unknown makeup, or unincorporated associations who, according to Plaintiff, operate Internet-based e-commerce stores operating under the E-commerce Store Names listed in Schedule "A."

*Id.* ¶ 7.

Plaintiff alleges that Defendants wrongfully reproduce and counterfeit Plaintiff's trademarks "for the twin purposes of (i) duping and confusing the consuming public and (ii) earning substantial profits across their e-commerce stores." *Id.* ¶ 5. According to Plaintiff, Defendants are each "promoting, advertising, distributing, offering for sale, and/or selling goods in interstate commerce bearing and/or using counterfeit and confusingly similar imitations of one or more of the Louis Vuitton Marks" to attract consumers and to sell their goods that are of different quality from those sold by Plaintiff "with the knowledge and intent that such goods will be mistaken for the genuine high-quality goods offered for sale by" Plaintiff. *Id.* ¶¶ 24–25. Plaintiff alleges that Defendants engage in this conduct with knowledge that they are not authorized to use Plaintiff's trademarks. *Id.* ¶¶ 25, 29–30. As Plaintiff asserts that Defendants are likely to transfer or hide their assets to avoid payment of a monetary judgment, Plaintiff claims that it has no adequate remedy at law, is suffering irreparable injury, and has suffered substantial damages from Defendants' infringing Plaintiff's trademarks. *Id.* ¶¶ 37–40. Accordingly, Plaintiff seeks wide-ranging injunctive relief. *See id.* ¶ 67.

## II.  PROCEDURAL HISTORY

On December 14, 2023, the Court entered an Order granting Plaintiff's request for a TRO, temporarily restraining Defendants from infringing Plaintiff's trademarks. (ECF No. 15). The Court also referred Plaintiff's Motion for Preliminary Injunction to Magistrate Judge Valle. *Id.* at 11. Pursuant to the Court's Order, Plaintiff properly served Defendants with a copy of all filings in this matter, including the Complaint, Plaintiff's Motions, witness declarations, the TRO, and Magistrate Judge Valle's Order setting a preliminary injunction hearing. *See* (ECF Nos. 19, 20, 21, 23). Only counsel for Plaintiff appeared and presented evidence at the preliminary injunction

hearing. R&R at 3. To date, Defendants have not responded to the Motion or otherwise appeared in this case. *Id.*

### III.   LEGAL STANDARD

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). A *de novo* review is therefore required if a party files "a proper, specific objection" to a factual finding contained in the report. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). "It is critical that the objection be sufficiently specific and not a general objection to the report" to warrant *de novo* review. *Id.*

Yet when a party has failed to object or has not properly objected to the magistrate judge's findings, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Keaton v. United States*, No. 14-21230-CIV, 2015 WL 12780912, at *1 (S.D. Fla. May 4, 2015); *see also Lopez v. Berryhill*, No. 17-CV-24263, 2019 WL 2254704, at *2 (S.D. Fla. Feb. 26, 2019) (stating that a district judge "evaluate[s] portions of the R & R not objected to under a clearly erroneous standard of review" (citing *Davis v. Apfel*, 93 F. Supp. 2d 1313, 1317 (M.D. Fla. 2000))).

Federal Rule of Civil Procedure 65 authorizes the Court to enter a preliminary injunction. Fed. R. Civ. P. 65. To obtain a preliminary injunction, a party must demonstrate: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex. rel Schindler v. Schiavo*, 403 F.3d 1223, 1225–1226 (11th Cir. 2005) (citation omitted).

**IV.   DISCUSSION**

In the R&R, Magistrate Judge Valle finds that Plaintiff demonstrates (1) a substantial likelihood of success on the merits, (2) that it is likely to suffer immediate and irreparable injury in the absence of a preliminary injunction, (3) the threatened injury to Plaintiff far outweighs the potential harm to Defendants, and (4) that entry of a preliminary injunction would serve the public interest. *See generally* R&R.  Accordingly, the R&R recommends this Court grant Plaintiff's Motion for Preliminary Injunction. *See id.* at 10.

In the R&R, Magistrate Judge Valle finds that Plaintiff demonstrates a substantial likelihood of success on the merits because: (1) Plaintiff has shown ownership of its trademark rights in certain trademarks; (2) Defendants do not have authorization to use Plaintiff's trademarks; (3) the evidence strongly suggests that consumers are likely to be confused by Defendants' advertisement, and/or distribution of goods bearing and/or using counterfeits, reproductions, or colorable imitations of Plaintiff's trademarks; and (4) Plaintiff's evidence strongly suggests that the products Defendants are selling and promoting are unlicensed copies of Plaintiff's genuine products. *Id.* at 6–7.

Next, Magistrate Judge Valle finds that Plaintiff is likely to suffer immediate and irreparable injury in the absence of a preliminary injunction. *Id*. at 7–8.  Specifically, the R&R notes that "Defendants own or control commercial Internet-based e-commerce stores . . . to advertise, promote, offer for sale, and sell products bearing Louis Vuitton counterfeit and infringing trademarks." *Id.* at 7.  Further, the R&R states that "consumers are likely to be misled, confused, and/or disappointed by the quality of these products" and "Plaintiff may suffer loss of goodwill and reputation" as a result. *Id.* at 8.

Magistrate Judge Valle also finds that the potential harm to Plaintiff's reputation and goodwill as owner of the infringed-upon trademarks far outweighs the potential harm to

4

Defendants resulting from the restraint of Defendants' trade in counterfeit goods bearing those marks. *Id.* at 8. Lastly, the R&R finds that the public has an interest in not being misled as to the origin, source, or sponsorship of trademarked products. *Id.*

Finally, the R&R finds that there is good reason to believe Defendants will hide or transfer their ill-gotten assets beyond the jurisdiction of the Court unless those assets are restrained. *Id.* at 9.

The Court received no objections to the aforementioned findings in the R&R. Upon a review of the record, the Court finds no clear error with Magistrate Judge Valle's findings.

## V. CONCLUSION

Accordingly, UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the Report and Recommendation (ECF No. 34) is ADOPTED. Plaintiff's Motion for Preliminary Injunction and Order Restraining Transfer of Assets (ECF No. 6) is GRANTED.

DONE AND ORDERED in Chambers at Miami, Florida, this  6th  day of February, 2024.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record